IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT GORDON,                          §
TDCJ-CID NO. 319173,                    §
        Petitioner,                 §
v.                                      §         CIVIL ACTION NO. H-11-3202
                                        §
RICK THALER,                            §
        Respondent.                 §

OPINION ON DISMISSAL

        Petitioner Robert Gordon, a state inmate proceeding *pro se* and *in forma pauperis*, seeks federal habeas relief from a disciplinary conviction in case number 20110211714.[1] (Docket Entry No.1). Petitioner indicates that as a result of such conviction he lost thirty days of good conduct credit, had his class line status reduced, and was subject to commissary and cell restrictions. (*Id.*). Petitioner is entitled to release on mandatory supervision. (*Id.*).

        Respondent has filed a motion for summary judgment. (Docket Entry No.9). Petitioner has not responded to the motion but has filed a motion for discovery. (Docket Entry No.11). For reasons to follow, the Court will deny petitioner's request for discovery, grant respondent's motion for summary judgment, and dismiss this habeas action.

I. BACKGROUND

        Petitioner was charged by a correctional officer with possession of contraband and attempting to establish an inappropriate relationship with a staff member on March 28, 2011. (Docket Entry No.10-1, page 3). Petitioner was notified of the charges and the hearing on March 30, 2011. (*Id.*). He was represented by Counsel-Substitute R. Smith. (*Id.*). At the hearing on April 13, 2011, petitioner explained to Disciplinary Hearing Officer Luker that he had been transferred to

---

[1] Petitioner is serving a ninety-nine year sentence from a 1986 conviction for aggravated assault in the 12th Judicial District Court of Walker County, Texas, in cause number 13,472. (Docket Entry No.1).

the Estelle High Security Unit on March 22, 2011, to attend a special offender program and that he brought the items listed as contraband on the disciplinary hearing report from the Stiles Unit. (Audio Recording of Disciplinary Hearing).  Petitioner argued that the items were not contraband and attempted to explain how he used each item.  (*Id.*).  Petitioner admitted that some items had been altered and that altered items were contraband.  (*Id.*).  He also admitted to possessing carbon copies of inappropriate letters written to officers on the Stiles Unit but maintained that they were part of a disciplinary case on the Stiles Unit, which had been dismissed; petitioner explained that he had stored such letters with his legal papers.  (*Id.*).  Petitioner requested that two officers from the Stiles Unit be called as witnesses and stated what he thought they would attest at the hearing.  The Disciplinary Hearing Officer accepted petitioner's statement of their testimony and denied his request to call them as witnesses because he found such testimony irrelevant in light of petitioner's admissions.  (*Id.*).

The charging officer, Lt. S. Magallanes, testified that she had informed petitioner that she would search his property for contraband as part of his entrance into the special program and told him to dispose of any contraband before the search.  (*Id.*).  She stated that four days after petitioner arrived on the unit, she conducted a thorough search of his property and discovered the carbon copies of letters, and the items listed as contraband on the disciplinary hearing report.  (*Id.*).

After considering the offense report, the charging officer's testimony, and petitioner's testimony, the Disciplinary Hearing Officer found petitioner guilty of the violations and assessed punishment at thirty days commissary restriction, fifteen days cell restriction, reduction in line class status, and forfeiture of thirty days of good time credit.  (Docket Entry No.10-1, page 3).  Thereafter, petitioner submitted Step 1 Grievance Number 2011146521, dated April 22, 2011, in which he complained that his Substitute Counsel provided no defense because she did not request that the contraband or a photocopy of the contraband be admitted into evidence.  (Docket Entry No.10-2, pages 3-4).  He also complained that he was denied witnesses at the disciplinary hearing.

(*Id.*).  The grievance was denied.  (*Id.*).  In his Step 2 grievance, petitioner again complained that Counsel Substitute failed to obtain a copy of the letter for his defense and that he was denied witnesses at the hearing.  (*Id.*, pages 5-6).  He also claimed that the charging officer, Counsel Substitute, and the Disciplinary Hearing Officer conspired to deny him evidence in his defense and to have him kicked out of the special program at the Estelle High Security Unit.  (*Id.*).  This grievance was also denied.  (*Id.*).

In the present action, petitioner complains of the following:

1. He was denied due process at the disciplinary hearing because no evidence of contraband was admitted at the hearing;

2. He was denied the effective assistance of substitute counsel when substitute counsel failed to obtain documentary evidence and to procure witnesses in his defense; and,

3. He was denied due process by a biased disciplinary hearing officer and found guilty without physical evidence.

(Docket Entry No.1).

Respondent moves for summary judgment on the following grounds:

1. Some of petitioner's punishments do not implicate due process,

2. The evidence is sufficient to support the disciplinary conviction;

3. Petitioner's claim of a biased hearing officer is unexhausted and procedurally barred, and conclusory; and,

4. Petitioner does not possess a constitutional right to the effective assistance of counsel substitute.

(Docket Entry No.9).

## II. ANALYSIS

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  The moving party bears the burden of initially

pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

In the disciplinary hearing context, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996).

### A. Miscellaneous Sanctions

Disciplinary hearing records show that as a result of his disciplinary conviction, petitioner lost thirty days of commissary privileges, was restricted to his cell for fifteen days, and

had his line-earning status reduced from S4 to L2.  (Docket Entry No.10-1, page 3).  None of these sanctions implicate a liberty interest of the sort protected by the Due Process Clause.  Sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1996) (limitations on commissary or recreational privileges, cell restriction or temporary solitary confinement are not atypical or significant hardship); *Malchi*, 211 F.3d at 958 (reductions in class line status and potential impact on good-time credit earning are not protected by Due Process Clause).  Because Due Process is not implicated by these miscellaneous sanctions, petitioner is not entitled to federal habeas relief from these forms of punishment.

## B. Good-Time Credits

As a result of the disciplinary conviction in case number 20110211714, petitioner lost thirty days of previously earned good conduct time.  When a state creates a right to time credit for good conduct, and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Madison*, 104 F.3d at 768 (citing *Wolff*, 418 U.S. at 557).  Because petitioner is eligible for mandatory supervision, he had a protected liberty interest in the previously earned good-time credits.  *See Teague*, 482 F.3d at 775-76 (citing *Malchi*, 211 F.3d at 956).  Therefore, the revocation of those credits must comply with the minimum amount of procedural protection required under the circumstances.  *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985).

In *Wolff*, the Supreme Court considered the minimum level of due process required in the prison disciplinary context.   In doing so, the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." 418 U.S. at 561.   Because prison disciplinary hearings are "not part of a criminal prosecution," the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556.   The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action.  *Id.* at 563-67.

Petitioner does not complain that he did not receive advance written notice or a written statement of the fact finding; moreover, the disciplinary hearing records and the audio recording of the hearing show that these procedural requirements were met.  (Docket Entry No.10-1 and Audio Recording of Disciplinary Hearing).   Petitioner complains that he was denied access to the contraband or a photocopy of the same to use in his defense and denied the opportunity to present witness testimony from officers at the Stiles Unit.  (Docket Entry No.1).   Petitioner also complains that his disciplinary conviction violates due process because the charge was not supported by sufficient evidence and the hearing officer was impartial.  (*Id.*).

### 1. Sufficiency of the Evidence

Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited.   Due process requires only "some evidence to support the findings made in the disciplinary hearing."  *Hill*, 472 U.S. at 457.   The Supreme Court has determined that

"[a]scertaining whether [the sufficiency-of-evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Id.* at 455.  "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001).  The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 537.  "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision."  *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).   Therefore, when reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary or capricious or an abuse of discretion."  *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981).

In this case, the disciplinary hearing records and the audio recording of the disciplinary proceedings reflect that petitioner stipulated that some of the items that he possessed were altered and therefore, were contraband.  He also admitted to possessing carbon copies of inappropriate letters written to unknown officers on the Stiles Unit.  The hearing records further show that the disciplinary hearing officer allowed petitioner to give several statements but found petitioner guilty from the offense report and from testimony presented during the hearing.  (*Id.*).

Based on this record, the Court finds that petitioner's rights set forth in *Wolff*  and *Hill* have not been abridged and that there was some evidence in the record to support the hearing officer's decision in this case.  Accordingly, respondent is entitled to summary judgment on this claim.

### 2. Production of Documentary Evidence and Witnesses

The right to gather and present documentary evidence is a limited right and the presentation of such evidence is within the discretion of prison officials. *Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976). The audio hearing tape reflects that petitioner knew which items were deemed contraband and which letters were deemed inappropriate; petitioner specifically addressed each item in his statement to the Hearing Officer. Moreover, the Disciplinary Hearing Officer accepted petitioner's statement of the officers' purported testimony. Therefore, petitioner fails to demonstrate that the exclusion of such evidence "'had substantial and injurious effect or influence in determining' the proceeding's outcome." *Williams v. Johnson*, 171 F.3d 300, 307 (5th Cir. 1999) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

Respondent is entitled to summary judgment on this ground.

### 3. Ineffective Assistance Substitute-Counsel

Petitioner contends that Counsel-Substitute did not proceed according to TDCJ Disciplinary Rules regarding the production of contraband or a photocopy of the same to be used in his defense during disciplinary proceedings. The failure to follow the prison's own policies does not constitute due process violation if constitutional minima are met. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). In this case, there was some evidence to support petitioner's disciplinary conviction; therefore, it is of no constitutional moment that prison officials did not adhere to prison policy regarding production of contraband in disciplinary proceedings.

To the extent that petitioner complains that he was denied the effective assistance of counsel during disciplinary proceedings, such claim is without merit. Claims for ineffective assistance of counsel are dependent upon the right to counsel. *See Wainwright v. Torna*, 455 U.S.

8

586, 587-88 (1982).  Inmates have no right to retained or appointed counsel at prison disciplinary proceedings.  *See Baxter*, 425 U.S. at 315.

Respondent is entitled to summary judgment on this ground.

### 4. Impartial Hearing Officer

"*Wolff* undoubtedly extends to inmates the right to a fair tribunal, but the extent of impartiality required in prison disciplinary proceedings must be gauged with due regard to the fact that they 'take place in a closed, tightly controlled environment' in which '[g]uards and inmates co-exist in direct and intimate contact.'"  *Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1984) (citing *Wolff*, 418 U.S. at 561–62).  "Due process may require that the fact-finders not include officials involved in the conduct of which the inmate is accused."  *Id.* (citations omitted). The requirement of impartiality in the context of prison disciplinary hearings requires that the disciplinary hearing officer may not have participated in the case as an investigating or reviewing officer or as a witness.  *Wolff*, 418 U.S. at 572 n. 20; *Pedraza v. Meyer*, 919 F.2d 317, 320 (5th Cir. 1990).

To the extent that petitioner alleges that the hearing officer was biased during the disciplinary hearing, the Court has reviewed the record and the audio recording of the disciplinary hearing and finds that there is no evidence to support such allegation.  Moreover, the record does not show that the hearing officer was a party to the investigation or that he was predisposed to finding petitioner guilty, that the officer's finding of guilt was based on less than constitutionally sufficient evidence, or that the officer even behaved in less than a professional manner.

Accordingly, respondent is entitled to summary judgment.

### III. DISCOVERY

Petitioner seeks discovery of his Step 1 and 2 Grievances and the January 2005 Disciplinary Rules and Procedures for Offenders Handbook.  (Docket Entry No.11).  A habeas

petitioner is generally not entitled to discovery.  Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000).  "Good cause may be found when a petition for habeas corpus relief 'establishes a prima facie claim for relief.'"  *Id.* quoting *Harris v. Nelson*, 394 U.S. 286, 209 (1969).  For the aforementioned reasons, the Court finds that petitioner's petition fails to establish good cause warranting discovery.

Therefore, petitioner's request for discovery and a hearing to argue the merits of his motion for discovery are DENIED.  (Docket Entry No.11).

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner

has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of

appealability from this decision will not issue.

## V. CONCLUSION

The Court finds that there is no genuine issue of material fact in this habeas action,

and that the respondent is entitled to summary judgment as a matter of law.  It is, therefore,

ORDERED as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No.9) is GRANTED.

2. This petition is DISMISSED with prejudice.

3. A certification of appealability from this decision is DENIED.

4. Petitioner's motion for discovery (Docket Entry No.11) is DENIED.

5. All other pending motions, if any, are DENIED.

The Clerk shall provide a copy of the Order to the parties.

SIGNED at Houston, Texas, this 26th day of September, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

11